UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **KENYATTA WILLIAMS and SHAWANA SANDERS** on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**NAPLES HOTEL GROUP, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 6:18-cv-422-Orl-37-DCI<br>)<br>)<br>)<br>)<br>) |

### AMENDED JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICES TO SETTLEMENT CLASS

Plaintiff KENYATTA WILLIAMS and SHAWANA SANDERS ("Plaintiffs"), on their own behalf and all similarly situated individuals, and Defendant NAPLES HOTEL GROUP, ("Defendant") and, pursuant to Federal Rule of Civil Procedure 23, file their Amended Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class[1], respectfully states as follows:

### I.     NATURE AND STAGE OF PROCEEDING

####    A.     The Litigation

In their Amended Class Complaint (the "Complaint"), Plaintiffs alleges that Defendant willfully violated the disclosure and authorization provisions of the Fair Credit Reporting Act ("FCRA") in 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by obtaining

---

[1] This Motion has been amended solely to revise some inconsistencies between the previous Motion and the Parties' Settlement Agreement as to deadlines.

consumer/background reports on Plaintiffs and employees/prospective employees during the period beginning February 13, 2016 to May 23, 2017, without first disclosing to them in a separate disclosure solely containing the statutory language, and included additional language not permitted under the FCRA.

After the lawsuit was filed, the parties engaged in written discovery and exchanged documents. Plaintiffs served interrogatories and requests for production, to which Defendant responded.

### B. Settlement Agreement

The parties engaged in extensive settlement negotiations prior to a mediation scheduled with Mr. Carlos Burruezo, Esq., scheduled for July 20, 2018. On the eve of mediation, the parties' efforts culminated in settlement of the class. The parties thereafter executed a Class Settlement Agreement and Release attached to this motion as Exhibit "1" (the "Agreement"). The Agreement, subject to Court approval, provides for settlement under the following key terms:

- Certification, for settlement purposes only, of a class of all persons as to whom Defendant (including its affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change between February 13, 2016 to May 23, 2017, a class of approximately 198 people;

- Defendant agree to establish a gross settlement fund in the amount of $106,000.00.

- Every Settlement Class member will be paid a pro rata portion of the net settlement fund without having to file a claim. It is estimated each class member will receive a payment of approximately $288, without further reduction for attorneys' fees or administration costs.

- Payment from the settlement fund of an attorneys' fees and costs award, if approved by the Court, not to exceed thirty (30%) percent of the gross settlement fund;

- Payment from the settlement fund of costs associated with administration of the settlement that shall not exceed Ten Thousand Dollars and Zero Cents ($10,000.00) as further provided for in Section 4 below.

- Payment from the settlement fund of service awards of $3,500 to each of the Named Plaintiffs.

## II.  STATEMENT OF ISSUES

The issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of the Class.

## III.  THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.  The Law Governing Preliminary Approval

The Eleventh Circuit has recognized that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re United States Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *see also Gevaerts v. TD Bank, N.A.*, 2015 WL 6751061, at *4 (S.D. Fla. Nov. 5, 2015) ("Federal courts have long recognized a strong policy and presumption in favor of class action settlements."). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice...." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 538 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (citations omitted). As a general matter, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to

lengthy and expensive litigation with uncertain results." 4 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS §11.50, at 155 (4th ed. 2002).

"'At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness.' 4 Newberg on Class Actions § 11.26 (4th ed. 2010). 'Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason.' *Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010)." *Almanzar v. Select Portfolio Servicing, Inc.*, 2015 WL 10857401, at *1 (S.D. Fla. Oct. 15, 2015). This Court has set forth the following process for preliminary approval of a class action settlement:

> Rule 23(e), Federal Rules of Civil Procedure, permits approval of a class action settlement if the settlement is "fair, reasonable, and adequate." *See Strube v. Am. Equity Inv. Life Ins. Co.,* 226 F.R.D. 688, 697 (M.D.Fla.2005) (Fawsett, J.). Approval is generally a two-step process in which a "preliminary determination on the fairness, reasonableness, and adequacy of the proposed settlement terms" is reached. *See* DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.2008). The factors considered are (1) the influence of fraud or collusion on the parties' reaching a settlement, (2) "the likelihood of success at trial," (3) "the range of possible recovery," (4) "the complexity, expense[,] and duration of litigation," (5) "the substance and amount of opposition to the settlement," and (6) "the stage of proceedings at which the settlement was achieved." *Bennet v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984).

*Holman v. Student Loan Xpress, Inc.*, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009) (Merryday, J.).

### 1. *The Settlement Agreement Is Not the Product of Fraud or Collusion.*

In assessing this factor, courts must presume that no fraud or collusion occurred unless there is evidence to the contrary. *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 287

4

(W.D. Tex. 2007). There is no evidence of fraud or collusion here. The proposed settlement in the Agreement resulted from arm's length negotiations between Plaintiffs and Defendant conducted by capable, experienced attorneys. The parties reached an agreement on very favorable terms for the class on the eve of mediation scheduled with Mr. Carlos Burruezo, Esq. At such point, the parties agreed mediation would only result in a reduction of benefits to the class, as additional fees and costs would have been incurred. "Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014). There was no fraud or collusion in reaching the Settlement. During this process, the parties negotiated for several weeks. The parties thoroughly evaluated their claims and defenses. Ultimately, class counsel obtained what they believe is the most optimal settlement on behalf of the Settlement Class.

Additionally, there is no evidence that Plaintiffs sacrificed the interests of the Settlement Class for their own financial gain. Under the Agreement, Plaintiffs will receive the same settlement payment as the other members of the Settlement Class. And, they only request a modest service award of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00).

The proposed settlement reached by Plaintiffs and Defendant resulted from concessions and compromise by the parties. The Agreement is a product of the functioning of the adversarial and negotiations processes, not fraud or collusion. Accordingly, the first factor supports approval of the settlement.

### *2. Litigating this Case Through Trial Would be Complex, Expensive, and Time-Consuming.*

Although the total expenses that the parties will incur if this litigation progresses and the duration of the litigation, including the appellate process, cannot be predicted with certainty, Plaintiffs and Defendant will vigorously advocate for their respective positions on various legal and factual issues that will likely entail significant motion practice. Defendant deny liability for any willful violations of the FCRA and asserted numerous affirmative defenses to Plaintiffs' individual and alleged class claims.

Furthermore, the parties will incur significant expenses for decertification and likely appeal of the certification of the class; two issues where Plaintiffs and Defendant's positions differ. Trial and a potential of post-trial appeals further increases the costs and delay of litigation.

There is no reason to believe that issues raised before, during, or after a trial would be any less vigorously litigated by the parties or less expensive and time-consuming to resolve. Absent settlement, the resolution of factual issues relevant to each class member's claims would result in protracted litigation. The proposed settlement will save considerable time and resources that would otherwise be spent litigating disputes resolved by the proposed settlement. Thus, this factor weighs in favor of approving the settlement proposed in the Agreement. *See Bennett,* 737 F.2d at 986 ("In addition, our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *Ayers v. Thompson*, 358 F.3d 356, 2369 (5th Cir. 2004) (holding that settlement would avoid risks and burdens of potentially protracted litigation weighed in favor of approving settlement).

### 3. *Settlement Class Counsel has Documents and Other Information to Realistically Value the Claims.*

The parties possess "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. Plaintiffs and Defendant cooperated in exchanging documents and information sufficient to allow a well-informed and comprehensive settlement of the Class. Defendant reviewed its records for the relevant time period and determined that the Class consists of 198 individuals, including Plaintiffs. Defendant provided this information to Plaintiffs who had the opportunity by third-party discovery to obtain its own information related to the Class. Defendant also identified and produced copies of the documents, policies, and procedures that pertain to the allegations in the Complaint.

In addition to this exchange of documents and information, the parties have extensively analyzed legal authorities regarding FCRA claims on a nationwide basis. Counsel for the parties have discussed their claims and defenses with each other.

As such, the parties believe that they have sufficient information to reach a fair, reasonable, and adequate settlement. The Agreement was negotiated based on the parties' realistic, independent assessments of the merits of the claims and defenses in this case and should be approved.

### 4. *Ultimate Success on the Merits of the Claims is Uncertain Given the Risks of Litigation.*

When evaluating a proposed class action settlement, the court must balance the benefits of a certain and immediate recovery through settlement against the inherent risks of litigation. *See Bennett,* 737 F.2d at 986*; Reed v. General Motors Corp.*, 703 F.2d 170, 172

(5th Cir. 1983). Here, recovery under the Agreement is favorable for the 198 Class members given the general uncertainty surrounding all litigation and the risks specific to this case.

If this litigation proceeds, Defendant intends to continue to vigorously defend the claims, and Plaintiffs and the settlement class will face legal challenges by Defendant, including challenges to merits of their claims, decertification, and an appeal on class certification. Because the parties have reached an early settlement, Plaintiffs have not prevailed on class certification and summary judgment. Any one of these challenges could significantly prolong the litigation at considerable expense to the parties and potentially result in no recovery for the class members. Each of these phases of litigation presents uncertainty and risks, which the settlement allows the parties to avoid.

Without this settlement, in order for members of the settlement class to recover any statutory damages under the FCRA, they must not only prove that Defendant failed to comply with the disclosure and authorization provisions, but also that Defendant did so willfully. *See 15 U.S.C. § 1681n(a)*. Although Plaintiffs contends that the violations were willful, Defendant will contest the question of willfulness if the lawsuit is further litigated. *See, e.g., Schoebel v. Am. Integrity Ins. Co.*, 2015 WL 3407895, at *7 (M.D. Fla. May 27, 2015) (dismissing FCRA stand-alone disclosure case seeking statutory damages because alleged violation was not willful); And, absent the settlement, continued certification under the current class definition is not certain. Although Defendant denies liability and has asserted affirmative defenses to the claims, Defendant nevertheless recognize, as Plaintiffs do, the risks inherent in proceeding to trial.

A negotiated settlement that provides immediate relief is preferable to protracted litigation and an uncertain result in the future. Weighed against the risks associated with litigation, the proposed settlement is fair, reasonable, and adequate.

### 5. *The Settlement Agreement is Fair in Light of the Possible Range of Recovery and Certainty of Damages.*

The Agreement should be approved because the proposed settlement compares favorably to the limited range of damages available under the FCRA that could potentially be recovered at trial. In their Complaint, Plaintiffs seeks to recover compensation under 15 U.S.C. § 1681n(a)(1)(A), (2), and (3) for themselves and the other class members consisting of (a) statutory damages of not less than $100.00 and not more than $1,000.00; (b) punitive damages, (c) attorneys' fees and costs.[2] However, as Section 1681n(a) of the FCRA indicates, proof of noncompliance with the technical requirements of the FCRA alone does not impose liability on a defendant. Recovery of damages under Section 1681n(a) is contingent on establishing that the defendant willfully failed to comply with the FCRA; negligent noncompliance is not sufficient. *Safeco v. Burr*, 127 S. Ct. 2201, 2215 (2007); *15 U.S.C. § 1681n(a)*. And, even if liability for willful noncompliance is established as Plaintiffs believes, the determination as to the size of the award is left to the discretion of the jury, which may return an award of no damages as a possible outcome.

The settlement proposed in the Agreement secures a monetary payment to each member of the Class in the approximate amount of $535.00 before administration expenses,

---

[2] Section 1681(n)(a) of the FCRA states that a person who willfully fails to comply with any requirement under 15 U.S.C. § 1681 *et seq.* regarding a consumer is liable to the consumer in an amount equal to the sum (a) "any actual damages sustained by the consumer as a result of the failure <u>or</u> damages of not less than $100 and not more than $1,000;" (b) punitive damages in such amount as the court may allow; and (c) the costs of an action, if successful, to enforce liability under this Section plus reasonable attorneys' fees as determined by the court. *15 U.S.C. § 1681n(a)(1)(A)*, (2)-(3) (emphasis added).

service awards and attorneys' fees. After administration expenses, service awards and attorneys' fees are deducted, each member of the Class will receive a minimum of $288.00. A settlement check in even the minimum amount is a reasonable and comparable sum of money to be paid in a class action under the FCRA. Even if the settlement class established liability against Defendant for willful violations of the pertinent provisions of the FCRA, a real risk exists that the class members could recover less after successfully litigating their claims through trial than the payment negotiated by the parties in the Agreement.

Settlement Class Counsel believes that the proposed minimum payment of approximately $288 to each member of the Class is an excellent settlement, providing more relief to class members than other recently approved settlements. See, e.g. *Graham v. Pyramid Healthcare Solutions, Inc*., 8:16-cv-01324-JSM-AAS (M.D. Fla. October 10, 2017)(D.E 65)(preliminarily approving settlement providing $100 for each of approximately 300 class members).

The settlement proposed in the Agreement falls within the reasonable range of possible recovery for members of the settlement classes. "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc*., 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010). Balancing the risk that liability cannot be established against Defendant for willful violations of the disclosure and authorization provisions of the FCRA against the range of possible recovery of damages supports settlement.

### *6. Settlement Class Counsel and the Parties Support the Settlement.*

As evidenced by the Agreement itself and this Motion in which the parties jointly request approval of the settlement, the terms of the settlement as proposed have the obvious support of Plaintiffs, Settlement Class Counsel, and Defendant. Plaintiffs and Defendant believe, based on their independent assessments, that settlement is in their respective best interest. Plaintiffs and Settlement Class Counsel have likewise concluded that the proposed settlement is in the best interest of the Class.

Furthermore, the parties anticipate that the settlement will receive broad support from putative class members, especially considering that each individual member will receive a settlement check that is reasonable and consistent in the context of class action litigation. Even if applicants in the settlement classes were able to overcome the difficulties of financing and finding legal counsel to pursue their relatively small individual claims, few members of the settlement classes are likely to be inclined toward pursuing their individual claims.

Therefore, it is unlikely that settlement class members will oppose releasing their pertinent FCRA claims that in reasonable probability they never intended to bring, or were unaware to have possessed. Even if any putative class member does not agree with the terms of the proposed settlement, he or she is protected by the right to opt out of the proposed class settlement and retain his or her individual FCRA claims against Defendant rather than participating in the settlement.

The parties believe that the Agreement represents a fair, reasonable, and adequate settlement. Consequently, the support of Plaintiffs, Settlement Class Counsel, the putative

class members of each settlement class, and Defendant weighs in favor of approving the settlement.

### B. The Proposed Class Should be Certified for Settlement Purposes.

Courts in the Middle District of Florida and elsewhere have previously certified class action lawsuits alleging similar violations of 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). *See, e.g., Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *2 (M.D. Fla. June 28, 2017)(Moody, J.); *Coles v. Stateserv Medical of Florida, LLC et al,* No. 8:17-cv-829-T-17-AEP, (M.D. Fla. April 10, 2017) (D.E.. 45); *Fosbrink v. Area Wide Protective, Inc.,* 8:17-cv-01154-JSM-CPT, (M.D.Fla., May 8, 2018,)(Moody, J.)(D.E. 58). "A class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'" *Holman*, 2009 WL 4015573, at *2 (quoting *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006); internal punctuation omitted). The proposed Settlement Class here meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

Rule 23(a) imposes four requirements for the certification of any class. First, the class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). That requirement is easily satisfied here as Defendant concedes that there are approximately 198 Settlement Class Members. *See, e.g., Holman*, 2009 WL 4015573, at *2. Moreover, the identities of the Settlement Class Members (who are job applicants) can be ascertained from records available to Defendant.

Second, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Even a single common issue may suffice. *See, e.g., Williams v. Mohawk Indus.,*

*Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) ("[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.") (internal quotation marks omitted). Under Plaintiff's theory of recovery, that requirement is met by the common questions of (1) whether including **any** material in a disclosure form beyond the mere fact that a prospective employer will obtain a consumer report violates the FCRA and (2) whether Defendant willfully violated the FCRA.

Rule 23(a)(3) imposes a "typicality" requirement, which "is satisfied by showing the existence of 'a sufficient nexus ... between the claims of the named representative and those of the class at large.'" *Holman*, 2009 WL 4015573, at *2 (*quoting Hines v. Widnall,* 334 F.3d 1253, 1256 (11th Cir. 2003)). That requirement is met here because the claims of the named Plaintiffs and those of the Settlement Class Members all stem from the same basic facts and legal theory—they were the subject of a background check obtained through what Plaintiffs contend is a disclosure form that fails to satisfy the FCRA's stand-alone disclosure requirement. *See, e.g., Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"). Further, Plaintiffs seek the same relief on their own behalf and on behalf of each Settlement Class member, *i.e.*, statutory damages available under the FCRA.

The final 23(a) requirement is "adequacy," which is met if (1) "'plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation'" and (2) the plaintiffs lack "'interests antagonistic to those of the rest of the class.'"" *Holman*, 2009 WL 4015573, at *2 (quoting *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.

1987)). Both of those things are true here. Plaintiffs' counsel and their firm are experienced in class action litigation and, specifically, in litigating claims under the FCRA. *See* Ex. "3" (Declarations of Marc Edelman, Andrew Frisch and Ryan Morgan). Plaintiffs have no interests antagonistic to those of the Settlement Class.

In addition to Rule 23(a), a class must satisfy the requirements of one of the types of class actions authorized by Rule 23(b). Here, the Settlement Class meets the requirements of Rule 23(b)(3). The common questions identified above predominate over any individual questions that might be identified. Fed. R. Civ. P. 23(b)(3) (court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual class members"). Whether a disclosure form that includes any material beyond the mere fact that a prospective employer will obtain a consumer report violates the FCRA is an over-arching common issue that is critical to determining liability.

Further, in the context of this Settlement, there is no question that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Administration of a single, comprehensive Settlement would be superior to multiple individual lawsuits asserting the same claims.

### C. Plaintiffs'' Counsel Should be Appointed as Class Counsel and Plaintiffs Appointed as Class Representatives.

Plaintiffs' counsel initially identified, investigated and asserted the claims of Plaintiffs and the Settlement Class, and, as set forth above, continued to prosecute and

14

investigate those claims throughout the discovery period. *See* Fed. R. Civ. P. 23(g)(1) (directing court appointing class counsel to consider "work counsel has done in identifying or investigating potential claims in the action"). As set forth in Exhibit "3" hereto, the Declarations of Marc Edelman, Andrew Frisch and Ryan Morgan, Plaintiffs' counsel has "experience in handling class actions" and "other complex litigation," including "the types of claims asserted in [this] action." *Id.* In fact, Plaintiffs' Counsel have been approved as class counsel in several Rule 23 FCRA class actions alleging violations of 15 U.S.C. § 1681b(b)(2). *See, e.g., Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *2 (M.D. Fla. June 28, 2017)(Moody, J.); *Coles v. Stateserv Medical of Florida, LLC et al,* No. 8:17-cv-829-T-17-AEP, (M.D. Fla. April 10, 2017) (D.E. 45); *Fosbrink v. Area Wide Protective, Inc.,* 8:17-cv-01154-JSM-CPT, (M.D.Fla., May 8, 2018,)(Moody, J.)(D.E. 58); *Musa v. SOS Security LLC*, No. 2:17-cv-05681-MCA-SCM (D.N.J, Newark Division, April 16, 2018)(D.E. 42). That experience and the research conducted in this case have provided counsel with "knowledge of the applicable law." *Id.* Further, "the resources that counsel" have "commit[ted] to representing the class" have been substantial, as evidenced by their work in this case. *Id.* (Plaintiffs' Counsel will submit further detail regarding their expenditure of resources in this case with their motion for an award of attorneys' fees and expenses). In short, Plaintiffs' Counsel have represented the Settlement Class well and will continue to do so.

The Named Plaintiffs have also represented the Settlement Class well. They have answered questions, gathered documents and provided valuable insights into Defendant's screening process. The Court should appoint them as Class Representatives.

**D.    The Notice of Class Action Settlement Should be Approved because the Form and Manner of the Notice Satisfies the Requirements of Rule 23 and Due Process.**

The Notice of Class Action Settlement to be mailed to the Settlement Class is appended as Exhibit "2." The content of the proposed class notice and the method for notifying members of each settlement class satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comport with due process.

Under Rule 23(e)(1), when approving a class action settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In addition, for classes certified under Rule 23(b)(3), courts "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) also sets out the required contents of the class notice. *Id.* The procedures described in the Agreement for informing class members of the settlement and the Notice of Proposed Class Action Settlement comply with these Rules.

The proposed notice plan is reasonable and provides the best notice practicable to the respective settlement classes. Under the Agreement, the Notice of Proposed Class Action Settlement will be sent to each class member via first class mail to the last known addresses of class members based on information contained in Defendant's records or obtained by the third-party Settlement Administrator. *See* Ex. 1, Agreement. Notice by mail is recognized as sufficient to provide due process to known affected persons as long as the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeHoyos*, 240 F.R.D. at 296

(sending notice by mail is preferred when all or most class members can be identified). The Agreement also includes provisions to ensure that a reasonable effort is made to locate members whose notices are returned undelivered and to re-send the Notice of Proposed Class Action Settlement to these persons to the extent possible. *See* Ex. 1, Agreement.

The content of the Notice of Proposed Class Action Settlement satisfies Rule 23(c)(2)(B) and due process requirements. "A settlement notice need only satisfy the broad reasonableness standards imposed by due process." *In re Katrina Canal Breaches Litigation*, 628 F.3d 185, 197 (5th Cir. 2010). Due process is satisfied if the notice provides class members with "information reasonably necessary for them to make a decision whether to object to the settlement." *Id.*

The Notice of Proposed Class Action Settlement is written in language that is easy to understand. The Notices inform members of the Class of the nature of the case, the definition of the settlement class, and the claims and defenses. The Notices of Proposed Class Action Settlement also contain information regarding the right to retain their own attorney, their right to request exclusion from the class, the time and manner for requesting exclusion, and the binding effect of the class judgment. *See* Ex. 1, Agreement, Ex. 2, Notice; *see also* Fed. R. Civ. P. 23(c)(2)(B). Because the Notice of Proposed Class Action Settlement communicates the essential terms of the proposed settlement in a manner that complies with Rule 23(c)(2)(B) and due process, the Court should approve its distribution to the respective settlement classes.

## IV. THE COURT SHOULD APPROVE A SCHEDULE AND PROCEDURES FOR A FAIRNESS HEARING, FILING CLAIMS, OPTING OUT, OBJECTING, AND FILING A MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARDS.

Plaintiff requests that, in conjunction with preliminarily approving the Settlement, the Court schedule a fairness hearing to determine whether to finally approve the Settlement. Plaintiff also requests that the Court approve the deadlines and procedures the Settlement Agreement provides for filing claims, opting out, objecting, and filing a motion for attorneys' fees, expenses, and an incentive award for Plaintiff. Under the Settlement Agreement, the schedule would be as follows:

| Settlement Administrator mails Notice | Within 14 days of Preliminary Approval Order |
| --- | --- |
| Deadline for Motion for Attorneys' Fees, Expenses, and Incentive Award | 15 days before the hearing on the Motion for Final Approval |
| Deadline for Objections | 60 days after Notice is mailed by Administrator |
| Deadline for Opt Outs (Exclusion Requests) | 60 days after Notice is mailed by Administrator |
| Deadline for Motion for Final Approval | 15 days before Fairness Hearing |
| Fairness Hearing | TBD by Court |
| End of Notice Period | 60 Days after Notice is mailed by Administrator |
| Distribution of Settlement Payments | 15 business days after Court approves Settlement and dismisses action with prejudice |

The procedures for opting out, objecting and submitting claim forms are set forth in detail in Section 7 of the Settlement Agreement, and the procedures for filing a motion for attorneys' fees, expenses, and an incentive award are set forth in Section 8. Plaintiff respectfully requests that opt out and objection procedures be included in the Preliminary

18

Approval Order. *See Johnson*, 2017 WL 6060778, at \*\*2-3; *See also Almanzar*, 2015 WL 10857401, at \*\*4-5.

## V. CONCLUSION

The Court should approve the Agreement on a preliminary basis because the proposed settlement is fair, reasonable, and adequate. Certification of the Class; the appointment of Plaintiffs as Settlement Class Representatives; appointment as Settlement Class Counsel; and attorneys' fees and costs are appropriate under Rule 23 for settlement purposes. The Notice of Proposed Class Action Settlement should be approved for distribution to the Settlement Class because it meets the requirements of Rule 23 and due process.

WHEREFORE, Plaintiffs SHAWANA SANDERS AND KENYATTA WILLIAMS, for themselves and on behalf of all others similarly situated, and Defendant NAPLES HOTEL GROUP, INC., request that the Court grant their Amended Motion and enter an Order of preliminary approval.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 10th day of October, 2018.

/s/ *Marc R. Edelman*
MARC R. EDELMAN
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
medelman@forthepeople.com

C. RYAN MORGAN
Florida Bar No.: 0015527
MORGAN & MORGAN, P.A.
P.O. Box 4979
Orlando, Florida 33802
Telephone: 407-420-1414
Facsimile: 407-245-
rmorgan@forthepeople.com

ANDREW FRISCH
Florida Bar No.: 27777
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: 954-workers
Facsimile: 954-327-3013
afrisch@forthepeople.com

*Attorneys for Plaintiff*

/s/ *Amanda A. Simpson*
STEPHANIE L. ADLER-PAINDIRIS
Florida Bar No.: 523283
paindiris@jacksonlewis.com

AMANDA A. SIMPSON
Florida Bar No.: 0072817
amanda.simpson@jacksonlewis.com

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: 407-246-8440
Facsimile: 407-246-8441

*Attorneys for Defendant*

4834-7357-6312, v. 3