UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENYATTA WILLIAMS; and
SHAWANA SANDERS,

    Plaintiffs,

v.                                                             Case No: 6:18-cv-422-Orl-37DCI

NAPLES HOTEL GROUP, LLC,

    Defendant.
_____

## ORDER

The parties seek final approval of their class action settlement ("**Settlement**"). (Doc. 41 ("**Motion**").) The Court held a hearing on the Motion on May 21, 2019. (Doc. 43 ("**Fairness Hearing**").) Having considered the Motion and oral arguments, the Court pronounced its ruling at the Fairness Hearing, approving the Settlement as the notice was adequate and the requirements of Federal Rule of Civil Procedure 23 have been met.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion for Final Approval of Class Action Settlement (Doc. 41) is **GRANTED.**

2. <u>Incorporation of Prior Agreements</u>. This Order incorporates the parties' Settlement Agreement, including all exhibits thereto. (Doc. 36-1, pp. 1–18.) Unless otherwise provided, the terms as defined in the Settlement Agreement shall have the same meanings for purposes of this Final Approval Order.

3. <u>Standing</u>. The Court finds that the Named Plaintiffs have Article III standing as to their claims brought pursuant to 15 U.S.C. §§ 1681b(b)(2)(i)–(ii).

4. <u>Jurisdiction</u>. The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and Defendant for purposes of this Settlement, and has subject matter jurisdiction to approve the Settlement Agreement.

5. <u>Notice</u>. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. (*See* Doc. 38.) The Court finds that such Notice: (i) was reasonable and the best practicable notice; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Settlement Agreement, and Settlement Class Members' rights to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing; (iii) was adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process.

6. <u>Preliminary Approval</u>. The Court preliminarily approved the proposed Settlement by order dated January 15, 2019. (Doc. 38.) The deadline for exclusions and objections was March 26, 2019. Only one (1) class member requested to be excluded from the Settlement. No objection to the Settlement was received prior to the deadline. On May 21, 2019, after Class Notice, the Court conducted a Fairness Hearing at which it considered any

and all objections, along with the materials submitted by the parties in support of settlement approval.

7. <u>Final Approval of Settlement</u>. The Court hereby adopts and approves the Settlement Agreement (Doc. 36-1) and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the law, and in the best interest of the parties and the Settlement Class. The case involves complex issues of fact and law and the Settlement terms reflect the inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Rule 23. Accordingly, the Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

8. <u>Final Class Certification</u>. The parties seek final certification of the Settlement Class based on Rule 23(b)(3). Pursuant to Rule 23(c), the Court finally certifies, for settlement purposes only, the following Settlement Class (except for those individuals who opted out):

> <u>Class Definition</u>: All current and former applicants or employees of Naples from February 13, 2016 to May 23, 2017, who were subject to a background investigation for purposes of employment with Naples.

9. In connection with this final certification, the Court makes the following final findings**:**

      A.      The Settlement Class of 197 members is so numerous that joinder of all members is impracticable;

      B.      There are questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

      C.      Plaintiffs' claims are typical of the claims being resolved through the proposed settlement;

      D.      Plaintiffs are capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the Settlement;

      E.      Common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

      F.      Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

10.    <u>Class Counsel</u>. Marc R. Edelman of Morgan & Morgan, P.A. will continue to serve as Class Counsel for the Settlement Class.

11.    <u>Class Representatives</u>. Named Plaintiffs, Kenyatta Williams and Shawana Sanders, will continue to serve as Class Representatives for the Settlement Class.

12. <u>Settlement Consideration</u>. Defendant and Plaintiffs are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement, which is incorporated by reference herein.

13. <u>Applicability</u>.  The provisions of this Final Approval Order are applicable to and binding upon and inure to the benefit of each party to the action (including each Settlement Class member and each of Defendant's successors and assigns). All persons who are included within the definition of the Settlement Class, and who did not properly file requests for exclusion, are therefore bound by this Final Approval Order and by the Settlement Agreement.

14. <u>Release</u>.  As of the effective date, the Settlement Class Members, including Plaintiffs (collectively, "**Releasing Parties**"), but excluding those individuals who asked to be excluded from the Settlement, release Defendant from the "**Released Claims**."  The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the claims in the case shall be dismissed with prejudice.  The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against the Defendant that is in any way related to the Released Claims.

15. <u>Dismissal</u>.  The case is **DISMISSED WITH PREJUDICE** as to Plaintiff and all members of the Settlement Class who did not opt out, without costs to any party, except as expressly provided for in the Settlement Agreement.

16. <u>Final Order</u>. This Final Approval Order shall constitute a final judgment pursuant to Rule 54 that is binding on the parties and the Settlement Class.

17. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 10, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record