# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KENYATTA WILLIAMS and**
**SHAWANA SANDERS,**

**Plaintiffs,**

**v.**                                                    **Case No: 6:18-cv-422-Orl-37DCI**

**NAPLES HOTEL GROUP, LLC,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVES SERVICE AWARDS (Doc. 42)** |
| **FILED:** | **April 30, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## BACKGROUND

    On February 13, 2018, Plaintiffs filed a Class Action Complaint in state court, asserting claims against Defendant under the Fair Credit Reporting Act (FCRA) on behalf of themselves and on behalf of a proposed class of similarly situated individuals. Doc. 2. Defendant removed this action to this Court on March 20, 2018. Doc. 1. Following removal, the parties engaged in limited motion practice, but engaged in "extensive settlement negotiations," culminating in the

parties filing a Joint Notice of Class Action Settlement on August 2, 2018.  *See* Docs. 33; 42 at 1-2.

On October 10, 2018, the parties filed their Amended Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class, to which the parties attached their proposed notice of settlement (the Notice) and their proposed settlement agreement and release (the Settlement).  Docs. 36; 36-1.  The Settlement provides that Defendant shall pay $106,000.00 to resolve this case (the Common Fund).  Docs. 36-1 at 4.  The Court granted this motion and the parties subsequently filed a Joint Motion for Final Approval of Class Action Settlement.  Docs. 38; 41.  After conducting a fairness hearing, the Court granted the parties' Joint Motion for Final Approval of Class Action Settlement, finding that the Notice was adequate and approving the Settlement.  Docs. 43; 44.

On April 30, 2019, Plaintiffs filed an Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Awards.  Doc. 42 (the Motion).  Plaintiffs seek an award of the following amounts to be paid from the Common Fund: (1) attorney fees in the amount of $31,800.00 – i.e., 30% of the Common Fund; (2) settlement administration expenses not to exceed $10,000; and (3) a total of $7,000.00 in service awards – $3,500.00 to Plaintiff Kenyatta Williams and $3,500.00 to Shawana Sanders.[1]  Doc. 42.  The Motion is ripe for consideration.

## DISCUSSION

### I.    Attorney Fees

"Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services."  *Ressler v. Jacobson*, 149 F.R.D. 651, 652-53

---

[1] Plaintiffs also request costs totaling $641.75.  However, Plaintiffs represent that "Class Counsel has agreed to absorb these costs."  Doc. 42 at 17.  As such, the undersigned will not address whether Plaintiffs are entitled to recover these costs.

(M.D.Fla.1992) (citations omitted).   "When the parties to a class action reach a settlement agreement whereby a 'common fund' is created for the benefit of the class, an award of attorneys' fees is governed by the common fund doctrine. *Cooper v. Nelnet, Inc.*, 6:14–cv–314–Orl–37DAB, 2015 WL 4623700, at *1 (M.D. Fla. July 31, 2015) (citations omitted).   Pursuant to this doctrine, attorney fees "awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1194-95 (11th Cir. 2019) (citation and internal quotations marks omitted).   But the amount of this award is subject to court approval. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) (citing Fed. R. Civ. P. 23(e)).

"The majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I*, 946 F.2d at 774 (citation omitted).   The Eleventh Circuit Court of Appeals has referred to 25% of a common fund as a "benchmark attorney's fee award that may be adjusted in accordance with the individual circumstances of each case." *Muransky*, 922 F.3d at 1195 (citation omitted); *see also Lamones v. Human Resource Profile, Inc.*, 2018 WL 8578301, *2 (M.D. Fla. Aug. 2, 2018) (similar) (citation omitted), *report and recommendation adopted*, 2018 WL 8578302 (M.D. Fla. Nov. 5, 2018); *Cooper*, 2015 WL 4623700, at *1 (similar) (citation omitted).   When determining whether this benchmark should be adjusted, courts should consider the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).   *See, e.g.*, *Muransky*, 922 F.3d at 1195 (citation omitted); *Lamones*, 2018 WL 8578301, *2 (citation omitted); *Cooper*, 2015 WL 4623700, at *1 (citation omitted).   The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability of the case"; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citation omitted).  In addition, the Court should consider other class-settlement specific factors, such as "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Id*. at 775.  The Court should also consider any other factors unique to the particular case before the court that would be relevant to the court's consideration.  *See id*. at 775.  "[T]he district court should articulate specific reasons for selecting the percentage upon which the attorneys' fee award is based[,] . . . should identify all factors upon which it relied[,] and [should] explain how each factor affected its selection of the percentage of the fund awarded as fees." *Id*. at 775; *see also Cooper*, 2015 WL 4623700, at *1 (similar) (citation omitted).

Here, class counsel requests an award of attorney fees in the amount of 30% of the settlement fund.  Doc. 42.  Thus, the undersigned will consider the foregoing factors to determine whether an enhancement of the benchmark fee award is warranted in this case.

### 1.   The Time and Labor Required; The Time Required to Reach a Settlement

"Although the hours claimed or spent on a case should not be the sole basis for determining a fee, ... they are a necessary ingredient to be considered." *Johnson*, 488 F.2d at 717.  Here, Plaintiffs argue, in conclusory fashion, that Class Counsel spent significant time prosecuting this action.  Doc. 42.  The only supporting document Plaintiffs provided in support of their conclusory statement is the declaration of Marc R. Edelman, who declared that he spent approximately sixty hours in this case and that he anticipates spending an additional ten hours in this case before the matter is concluded.  Doc. 42-1.  But Plaintiff provided no detailed declarations or billing records

in support of their argument.  "As courts have noted in similar cases, '[t]he vague assertions in Class Counsel's declarations and the lack of detail in their billing records make it difficult to determine the reasonableness of the hours expended in this litigation.'"  *Gibbs v. Centerplate, Inc.*, 2018 WL 6983498, at *6 (M.D. Fla. Dec. 28, 2018) (citation omitted), *report and recommendation adopted*, 2019 WL 1093441 (M.D. Fla. Jan. 7, 2019).  Regardless, the undersigned does not find that a total of seventy hours warrants an upward adjustment from the benchmark.

In addition, the undersigned notes that it took the parties less than seven months to reach a settlement in this case.  The undersigned further notes that, during that time, the parties did not engage in any significant motion practice.  Also, there is nothing in the Motion to indicate that the parties took any depositions.

Given the foregoing, the undersigned finds that these factors do not support an upward adjustment from the benchmark.  *Cf. Cooper*, 2015 WL 4623700, at *2 (finding that a downward adjustment was warranted where the case was settlement in only seven months, there were no depositions taken, and there was little to no substantive motion practice).

## 2.  Novel and Difficult Issues; Skill Requisite to Perform the Legal Service

"Courts have recognized that the novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award."  *Lamones*, 2018 WL 8578301, at *3 (citation omitted).   Although this case does not present a novel issue, courts in this District have acknowledged the complexity and difficulty of class action FCRA cases.  *See Gibbs*, 2018 WL 6983498, at *6 (citing cases and noting the issue of Article III standing and the requirement to prove willfulness); *Lamones*, 2018 WL 8578301, at *3 (noting the difficult issues of law under the FCRA such as the requirement of proving a willful violation, and noting the inherent complexity of class actions).

Given the foregoing, the undersigned finds that these factors support an upward adjustment from the benchmark.

### 3.   Preclusion of Other Employment

Plaintiffs did not establish that this case precluded Class Counsel from pursuing other employment.  Plaintiffs' only argument is that the hours required to prosecute this action limited the amount of time and resources that Class Counsel was available to devote to other matters. While the undersigned does not dispute the accuracy of this statement, the Court reiterates that Class Counsel did not provide the Court with any detailed declarations or billing records to support a claim that Class Counsel spent an inordinate amount of time on this case.  The only somewhat specific information that Plaintiffs provided was Mr. Edelman's declaration that he spent approximately seventy hours on this case.  But the undersigned does not find that Class Counsel's expenditure of seventy hours on this case since its inception is such an inordinate amount of time as to preclude other employment to the extent that Class Counsel is entitled to an upward adjustment of the benchmark.

Given the foregoing, the undersigned finds that this factor does not support an upward adjustment from the benchmark.

### 4.   The Customary Fee; Awards in Similar Cases

Courts in this District have found that a fee award of 30% of the Common Fund is appropriate in FCRA class actions.  *See Gibbs*, 2018 WL 6983498, at *7 (citing cases and approving a fee award of 30% of the Common Fund in an FCRA class action); *Lamones*, 2018 WL 8578301, at *2-3, 5 (citing cases and approving a fee award of 30% of the Common Fund in an FCRA class action).

Given the foregoing, the undersigned finds that these factors support an upward adjustment from the benchmark.

### 5.  Contingent Fee; Undesirability of the Case; Economics of Prosecuting a Class Action

"A contingency fee arrangement often justifies an increase in the award of attorneys' fees." *Gibbs*, 2018 WL 6983498, at *7 (citation omitted).  Indeed, it is a "significant risk to prosecute[] an action entirely on a contingent basis."  *Lamones*, 2018 WL 8578301, at *2.  "Without the 'bonus' from a contingency fee arrangement, 'very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks involved in recovering nothing.'"  *Id*. (citation omitted); *see also Gibbs*, 2018 WL 6983498, at *7 (same) (citation omitted).  Here, this risk was compounded by the fact that FCRA class actions are complex cases that present difficult legal issues as discussed *supra*.

Given the foregoing, the undersigned finds that these factors support an upward adjustment from the benchmark.

### 6.  Time Limitations

This factor was not an issue in this case.  Thus, the undersigned finds that this factor does not support an upward adjustment from the benchmark.

### 7.  The Results Obtained

"The result achieved is a major factor to consider in making a fee award." *Lamones*, 2018 WL 8578301, at *2 (citation omitted).  Here, Class Counsel recovered $106,000.00 for the benefit of the class members.  This amounts to a gross recovery of approximately $535.00 for each class member.  *See* Doc. 42 at 14-15.  This is an excellent result in an FCRA class action.  *See Gibbs*, 2018 WL 6983498, at *8 (citing cases and finding that a per-class member gross recovery of $100.00 was an excellent result weighing in favor of the requested fee award).  In addition,

obtaining a cash common fund is a "substantial, tangible, and real benefit for the Class." *Lamones*, 2018 WL 8578301, at *3 (citation omitted).

Given the foregoing, the undersigned finds that this factor supports an upward adjustment from the benchmark.

### 8.   Experience, Reputation, and Ability of the Attorneys

Here, the parties were represented by experienced, respected counsel.  In addition, in his declaration, Mr. Edelman avers that he has been practicing law for almost twenty years; has represented employers, employees, and consumers in all stages of litigation in federal and state courts in Florida; and has been named as class counsel in numerous FCRA class actions.  Doc. 42-1.

Given the foregoing, the undersigned finds that this factor supports an upward adjustment from the benchmark.

### 9.   Nature and Length of the Professional Relationship with Plaintiffs

This factor was not an issue in this case.  Thus, the undersigned finds that this factor does not support an upward adjustment from the benchmark.

### 10. Substantial Objections by Class Members

There were no objections to the Settlement.  Thus, the undersigned finds that this factor supports an upward adjustment from the benchmark.

In light of all of the foregoing factors, the undersigned finds that an upward adjustment from the benchmark is warranted and that Plaintiffs' request for attorney fees in the amount of 30% of the Common Fund is reasonable.  The undersigned further notes that this fee award falls within the majority of common fund fee awards as identified by the Eleventh Circuit Court of Appeals.  *See Camden I*, 946 F.2d at 774 ("The majority of common fund fee awards fall between

20% to 30% of the fund.") (citation omitted).  Accordingly, the undersigned recommends that Plaintiffs request for attorney fees in the amount of 30% of the Common Fund be approved.

## II.  Cost of Notice and Administration

"Settlement administrators are typically 'entitled' to 'reimbursement for fees, costs, and expenses incurred in connection with the administration of the settlement fund,' subject to the approval of the court."  *Lamones*, 2018 WL 8578301, at *4 (citation omitted).  Here, Plaintiffs seek payment to the settlement administrator from the Common Fund for the cost of notice and administration, not to exceed $10,000.00.  No class member has objected to this request.  And the undersigned finds the request reasonable in this case.  *Cf. id.* (finding a settlement administration expense of $12,708.00 to be reasonable in an FCRA class action where there were no objections to the agreement).

Accordingly, the undersigned recommends that Plaintiffs' request to pay the settlement administrator from the Common Fund for the cost of notice and administration, not to exceed $10,000.00, be approved.

## III.  Service Award

In the Eleventh Circuit, litigants who secure a common fund can recover an incentive award for their services.  *See Muransky*, 922 F. 3d at 1196.  However, there are limits to an appropriate incentive award.  *Id.* (citation omitted).  Indeed, the Eleventh Circuit Court of Appeals has held that when "a settlement explicitly provides for preferential treatment for the named plaintiffs in a class action, *a substantial burden* falls upon the proponents of the settlement to demonstrate and document its fairness."  *Id.* (stating that "a disparate distribution favoring the named plaintiffs requires careful judicial scrutiny into whether the settlement allocation is fair to the absent members of the class") (emphasis added) (citation and internal quotation marks omitted).  This

substantial burden may be overcome "by a factual showing that the higher allocations to certain parties are rationally based on legitimate considerations." *See id.*  Noting the possibility of collusion between class representatives, their counsel, and defendants, the Eleventh Circuit Court of Appeals held that these legitimate considerations must be "sufficient to 'dispel the cloud of collusion which such a settlement suggests.'"  *See id.* at 1196-97 (citation omitted).  Some "legitimate considerations" the court may consider include the work done on behalf of the class, the financial or reputational risk undertaken in bringing the action, the named plaintiff's willingness to act as a private attorney general, the necessity of inducing an individual to become a named plaintiff, and the value of the settlement to the class members. *See id*. at 1197.

Here, Mr. Edelman attests that Plaintiffs "provided key evidence and exhaustive detail regarding their experiences and interactions with Defendant.  They reviewed documents and provided important information about Defendant."  Doc. 42-1.  In addition, the undersigned is mindful of the value that Plaintiffs provided to the settlement class members, the necessity of individuals to become named plaintiffs and act as private attorney generals, and the risk that Plaintiffs may have been subject to inconvenience, deposition, and trial, even if those risks did not fully materialize in this case. *See Muransky*, 922 F. 3d at 1197 (appearing to approve of the district court's consideration of the named plaintiff's potential inconvenience and time delays even though those issues did not materialize as much as they might have).  As such, the undersigned finds that Plaintiffs have carried their burden and that the requested service award is reasonable. *See Gibbs*, 2018 WL 6983498, at *9 (approving a $5,000.00 service award in an FCRA class action where plaintiff participated in reviewing documents, participated in discovery, and remained engaged throughout the litigation).

Accordingly, the undersigned recommends that Plaintiffs' request for a total of $7,000.00 in service awards – $3,500.00 to Plaintiff Kenyatta Williams and $3,500.00 to Shawana Sanders – be approved.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 42) be **GRANTED in part** to the extent Plaintiffs seek attorney fees, settlement administration expenses, and service awards, and that the Motion (Doc. 42) otherwise be **DENIED** to the extent it requested any additional relief.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 29, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy